BAWO & POTTER, LIMITED, Respondent *v.* JOSEF ROTHMAN, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916).

Summary proceedings — pleading — landlord and tenant — lease — what is due notice to quit — when order awarding possession of premises reversed.

Where a tenant in a summary proceeding by his answer admits that on or about April 21, 1916, he leased the premises for one month, a so-called affirmative defense that on April 18, 1916, he leased the premises for the term of one year is invalid, but his motion made at the opening for leave to amend the answer so as to deny said allegation admitted should be granted in furtherance of justice in order to permit the facts to be shown.

Upon denying the motion to amend the answer the justice was bound to direct a verdict for the landlord and not take the proof as to the affirmative defense.

The trial proceeding the tenant showed that prior to April 18, 1916, he occupied a store, basement and elevator space in the landlord's building and on that day the landlord in a letter to the tenant stating that he would require possession of the store and basement said " This would still leave you with the elevator space as before left to you at $30 per month, which we would be most happy to have you continue to use at the old rental of $30 per month and to compensate you for the changes

necessary we would be willing to give you free rental for the month of May." Three days later the tenant accepted the proposed arrangement by letter. Held, that while the letters might constitute a leasing from month to month they did not constitute a leasing for a term which would expire without further notice on May thirty-first.

That since the tenant was to continue to occupy the premises it was impossible for the court to determine the terms upon which the tenant was to remain in possession without proof of the arrangement under which the tenant went into possession, and a ruling that the tenant was a monthly tenant holding from month to month and a refusal to admit any evidence as to the original arrangement was error.

That a notice served on the tenant on April 26, 1916, to quit the premises then occupied by him, viz., the store and basement, but which was in effect a permission to occupy the "hall space" for the month of May rent free, could not be held as matter of law to be due notice to quit, and that a ruling to that effect was error, and a final order of removal awarding possession of the premises to the landlord will be reversed and a new trial ordered.

APPEAL by the tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, first district, awarding the possession of the premises to the landlord.

Joseph N. Schultz, for appellant.

John Hovorka (Walter L. Bunnell, of counsel), for respondent.

LEHMAN, J. The tenant appeals from a final order dispossessing him from premises occupied by him. The petition alleges that the parties entered into an agreement on the 21st day of April, 1916, whereby the tenant hired the premises " for the term of one month

commencing on the first day of May, 1916, and ending on the 31st day of May, 1916.'' The answer admits this allegation and denies only the legal conclusion that the tenant's term has expired and that he holds over and continues in possession of said premises without the permission of said landlord. It also contains an affirmative defense in which the tenant alleges that he has occupied the premises since the 1st day of May, 1914, as '' a yearly tenant from year to year and that on or about the 19th day of April, 1916, the landlord and tenant herein, entered into an agreement wherein and whereby the said tenancy was to continue for a period of one year from the 1st day of May, 1916, and to terminate the 30th day of April, 1917.'' Obviously, if the tenant admits that on or about the twenty-first day of April he leased the premises for one month, his so-called affirmative defense that on the eighteenth day of April he leased the premises for the term of one year is invalid. The tenant realized this fact and at the opening moved to be allowed to amend his answer to deny the allegation that he had leased the premises for one month in order to permit the real facts to be shown. The learned trial justice denied this motion but stated that he would allow the tenant to prove his affirmative defense. This ruling was, I think, clearly erroneous. It was the duty of the trial justice to allow an amendment in furtherance of justice but if he denied the amendment he was bound to direct a verdict for the landlord. Certainly it is anomalous to give the tenant the affirmative right and burden of proving a defense which is inconsistent with an admission of the allegations of the landlord's petition. The trial proceeded however in this anomalous manner and the tenant showed that prior to April 18, 1916, he occupied a store, basement and elevator space in the landlord's building. On April eighteenth, the landlord wrote to

the tenant stating that he would require possession of the store and basement. The letter adds: '' This would still leave you with the elevator space as before left to you at $30 per month, which we would be most happy to have you continue to use at the old rental of $30 per month and to compensate you for the changes necessary we would be willing to give you free rental for the month of May.'' By letter of April twenty-first the tenant accepted this proposed arrangement. These letters certainly constitute no leasing for the month of May. They may constitute a leasing from month to month but certainly, in view of the fact that the tenant was told that he could *continue* to occupy the premises at $30 a month with rent free for May, the parties never contemplated that the term would expire without further notice on May thirty-first. Also, since the tenant was to *continue* to occupy the premises it is impossible for the court to determine the terms upon which the tenant was to remain in possession, without proof of the arrangements under which the tenant went into possession. Nevertheless the trial justice ruled as a matter of law that the tenant was a monthly tenant holding from month to month and refused to admit any evidence as to the original arrangement. He also held that as a matter of law the landlord had given the tenant due notice to vacate. This notice was dated April twenty-sixth and reads as follows:

'' Dear Sir.: Please take notice that we are obliged to ask you to vacate the premises you are occupying, as we have leased same for a term of years. In consideration of your vacating the main store space at once we will allow you to occupy the hallway space for the month of May or for such part of that month as you may wish rent free.''

The tenant claims that this notice is technically

Supreme Court, Appellate Term, December, 1916.   [Vol. 97.

defective.   For the purpose of this appeal we do not need to consider these alleged technical defects for it is not and does not purport to be a notice to vacate the premises in question.   It is a notice to vacate the premises then occupied by the tenant, viz., the store and basement, but it is in effect a permission to occupy the "hallway space" for the month of May rent free and the landlord is now trying to oust the tenant from this space.   For these reasons the final order should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Whitaker and Finch, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.